IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED REFINING COMPANY,<br><br>                    Defendant. | CIVIL ACTION NO.:<br><br>1:15-CV-00274(BR)<br><br>**ANSWER** |

**ANSWER AND AFFIRMATIVE DEFENSES OF UNITED REFINING COMPANY TO PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Defendant, United Refining Company ("URC"), by and through its attorneys, hereby answers the Complaint of Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively, "EIG" or "Plaintiffs.")  URC responds to Plaintiffs' allegations as follows:

**AS TO THE ALLEGATIONS CONCERNING INTRODUCTION**

1.      URC denies the allegations contained in Paragraph 1 of the Complaint, and admits only that the Complaint is entitled "Complaint for Copyright Infringement."

**AS TO THE ALLEGATIONS CONCERNING THE PARTIES**

2.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      URC admits the allegations contained in Paragraph 4 of the Complaint.

## AS TO THE ALLEGATIONS CONCERNING JURISDICTION AND VENUE

5.      URC denies the allegations contained in Paragraph 5 of the Complaint as legal conclusions to which no responsive pleading is required.

6.      URC denies the allegation contained in Paragraph 6 of the Complaint as legal conclusions to which no responsive pleading is required.

7.      URC denies the allegations contained in Paragraph 7 of the Complaint, and admits only that venue in this District is proper.

## AS TO THE ALLEGATIONS CONCERNING FACTS COMMON TO ALL COUNTS

### A.    Plaintiffs' Publications

8.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and states that the attached documents speak for themselves.

10.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

nydocs1-1060283.3

15.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

**B.      Plaintiffs' Copyrights and Notices**

18.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and states that the attached documents speak for themselves.

19.     URC denies the allegations contained in Paragraph 19 of the Complaint, and states that the attached documents speak for themselves.

20.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     URC denies the allegations contained in Paragraph 21 of the Complaint as legal conclusions to which no responsive pleading is required.

22.     URC denies the allegations contained in Paragraph 22 of the Complaint as legal conclusions to which no responsive pleading is required.

23.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and states that the attached documents speak for themselves.

nydocs1-1060283.3

24.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and states that the attached documents speak for themselves.

C.     **Defendants' OD Subscription History**

25.     URC denies the allegations contained in Paragraph 25 of the Complaint, and admits only that at all relevant times URC maintained a valid subscription to Oil Daily ("OD.")

26.     URC denies the allegations contained in Paragraph 26 of the Complaint, and admits only that URC initially received OD by print or fax delivery and at some point in time began to receive OD via email delivery, and further admits only that when URC began to receive OD via email, the email was initially directed to the email address kjohnson@urc.com.

27.     URC denies the allegations contained in Paragraph 27 of the Complaint, and admits only that URC renewed its subscription to OD from time to time, and further admits only that the email address to which issues of OD were directed was changed from kjohnson@urc.com to kcalifornia@urc.com.

28.     URC denies the allegations contained in Paragraph 28 of the Complaint, and admits only that the email address at which URC received OD via email delivery was subsequently changed to kschwanke@urc.com.

29.     URC denies the allegations contained in Paragraph 29 of the Complaint, and admits only that its current subscription to OD expires on June 20, 2016.

4

30.     URC denies the allegations contained in Paragraph 30 of the Complaint, and admits only that it has subscribed to OD in the past and has renewed its subscription from time to time.

31.     URC denies the allegations contained in Paragraph 31 of the Complaint, and states that URC's subscription agreement for OD speaks for itself.

32.     URC denies the allegations contained in Paragraph 32 of the Complaint.

33.     URC denies the allegations contained in Paragraph 33 of the Complaint as legal conclusions to which no responsive pleading is required.

**C.     Defendants' PIW Subscription History** (*sic*)

34.     URC denies the allegations contained in Paragraph 34 of the Complaint, and admits only that at all relevant times URC maintained a valid subscription to PIW.

35.     URC denies the allegations contained in Paragraph 35 of the Complaint, and admits only that URC initially received PIW by print or fax delivery and at some point in time began to receive PIW via email delivery, and further admits only that when URC began to receive PIW via email, the email was initially directed to the email address kjohnson@urc.com.

36.     URC denies the allegations contained in Paragraph 36 of the Complaint, and admits only that the email was initially directed to Kim California.

37.     URC denies the allegations contained in Paragraph 37 of the Complaint, and admits only that URC renewed its subscription to PIW from time to time,

5

and further admits only that the email address to which issues of PIW were directed was changed from kjohnson@urc.com to kcalifornia@urc.com.

38.     URC denies the allegations contained in Paragraph 38 of the Complaint, and admits only that the email address at which URC received PIW via email delivery was subsequently changed to kschwanke@urc.com.

39.     URC denies the allegations contained in Paragraph 39 of the Complaint, and admits only that its current subscription to PIW expires on June 27, 2016.

40.     URC denies the allegations contained in Paragraph 40 of the Complaint, and admits only that it has subscribed to PIW in the past and has renewed its subscription from time to time.

41.     URC denies the allegations contained in Paragraph 41 of the Complaint, and states that URC's subscription agreement for PIW speaks for itself.

42.     URC denies the allegations contained in Paragraph 42 of the Complaint.

43.     URC denies the allegations contained in Paragraph 43 of the Complaint as legal conclusions to which no responsive pleading is required.

**D.      Defendant's Infringement of Plaintiffs' Copyrighted Works**

44.     URC denies the allegations contained in Paragraph 44 of the Complaint.

45.     URC denies the allegations contained in Paragraph 45 of the Complaint.

46.     URC denies the allegations contained in Paragraph 46 of the Complaint.

47.     URC denies the allegations contained in Paragraph 47 of the Complaint.

48.     URC denies the allegations contained in Paragraph 48 of the Complaint.

49.     URC denies the allegations contained in Paragraph 49 of the Complaint.

50.     URC denies the allegations as stated in Paragraph 50 of the Complaint.

51.     URC admits the allegations as stated in Paragraph 51 of the Complaint.

52.     URC denies the allegations contained in Paragraph 52 of the Complaint.

53.     URC denies the allegations contained in Paragraph 53 of the Complaint.

54.     URC denies the allegations contained in Paragraph 54 of the Complaint.

55.     URC denies the allegations contained in Paragraph 55 of the Complaint.

56.     URC denies the allegations contained in Paragraph 56 of the Complaint.

### <u>AS TO THE ALLEGATIONS CONCERNING COUNT ONE</u>
### (COPYRIGHT INFRINGEMENT OF
### THE OD COPYRIGHTED WORKS)

57.     URC incorporates by reference the contents of Paragraphs 1-56 as if fully set forth herein.

58.     URC denies the allegations contained in Paragraph 58 of the Complaint as legal conclusions to which no responsive pleading is required.

59.     URC denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     URC denies the allegations contained in Paragraph 60 of the Complaint, and admits only that URC received OD pursuant to duly paid-for subscriptions.

61.     URC denies the allegations contained in Paragraph 61 of the Complaint.

62.     URC denies the allegations contained in Paragraph 62 of the Complaint.

63.     URC denies the allegations contained in Paragraph 63 of the Complaint.

64.     URC denies the allegations contained in Paragraph 64 of the Complaint.

65.     URC denies the allegations contained in Paragraph 65 of the Complaint.

66.     URC denies the allegations contained in Paragraph 66 of the Complaint.

nydocs1-1060283.3

67.     URC denies the allegations contained in Paragraph 67 of the

Complaint.

**AS TO THE ALLEGATIONS CONCERNING COUNT TWO**
**(COPYRIGHT INFRINGEMENT OF**
**THE PIW COPYRIGHTED WORKS)**

68.     URC incorporates by reference the contents of Paragraphs 1-67 as

if fully set forth herein.

69.     URC denies the allegations contained in Paragraph 69 of the

Complaint as legal conclusions to which no responsive pleading is required.

70.     URC denies having any knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     URC denies the allegations contained in Paragraph 71 of the

Complaint, and admits only that URC received PIW pursuant to duly paid-for

subscriptions.

72.     URC denies the allegations contained in Paragraph 72 of the

Complaint.

73.     URC denies the allegations contained in Paragraph 73 of the

Complaint.

74.     URC denies the allegations contained in Paragraph 74 of the

Complaint.

75.     URC denies the allegations contained in Paragraph 75 of the

Complaint.

76.     URC denies the allegations contained in Paragraph 76 of the

Complaint.

77.     URC denies the allegations contained in Paragraph 77 of the Complaint.

78.     URC denies the allegations contained in Paragraph 78 of the Complaint.

WHEREFORE, URC denies that Plaintiffs are entitled to any relief sought in its Prayer for Relief, including subparts (1) – (9) and, to the extent the Prayer for Relief requires a responsive pleading, any allegations contained therein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

79.     Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

80.     Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction/Failure to Register)

81.     Plaintiffs' claims are barred for lack of subject matter jurisdiction because they lack valid copyright registrations for the intellectual property rights asserted, or have not properly or timely registered the works at issue.

### FOURTH AFFIRMATIVE DEFENSE
(Fair Use)

82.     Plaintiffs' claims are barred by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE
(Laches)

83.     Plaintiffs' claims are barred by the doctrine of laches.

nydocs1-1060283.3

## SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

84.    Plaintiffs' claims are barred by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

85.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

86.    Plaintiffs' claims are barred by waiver.

## NINTH AFFIRMATIVE DEFENSE
(Invalidity or Unenforceability of Copyright)

87.    Plaintiffs' rights are invalid and/or unenforceable.

## TENTH AFFIRMATIVE DEFENSE
(Authorized Use)

88.    Plaintiffs authorized, impliedly or explicitly, URC's allegedly infringing use of the works at issue, and their claims are, therefore, barred by the doctrine of implied license.

## ELEVENTH AFFIRMATIVE DEFENSE
(Authorized Use)

89.    Plaintiffs' claims are barred because URC's use is authorized by and in accord with the subscription agreement.

## TWELFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

90.    To the extent Plaintiffs suffered any damages, which URC expressly denies, Plaintiffs have failed to take the steps necessary to mitigate the damages allegedly sustained.

11

## THIRTEENTH AFFIRMATIVE DEFENSE
(Misuse of Copyright)

91.     Plaintiffs' claims are barred by the doctrine of misuse of copyright.

## FOURTEENTH AFFIRMATIVE DEFENSE
(License, Consent, and Acquiescence)

92.     Plaintiffs' claims are barred by Plaintiff's license, consent, and

acquiescence to URC's use.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Innocent Intent)

93.     Plaintiffs' claims are barred, in whole or in part, because URC's

conduct was in good faith and with non-willful intent, at all times.

## SIXTEENTH AFFIRMATIVE DEFENSE
(17 U.S.C. § 109 and Exhaustion)

94.     Plaintiffs' claims are barred under 17 U.S.C. § 109, and the doctrine

of exhaustion.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Lack of Copyrightable Subject Matter)

95.     Plaintiffs' claims are barred, in whole or in part, because they seek

to protect under the Copyright Act non-copyrightable subject matter.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Lack of ownership)

96.     Plaintiffs' claims are barred because they do not own the copyrights

they seek to enforce.

nydocs1-1060283.3

## NINETEENTH AFFIRMATIVE DEFENSE

97.     URC reserves its right to amend or supplement these Affirmative

Defenses as more information becomes available, or additional affirmative defenses are

discovered.

WHEREFORE, United Refining Company respectfully requests the

following relief:

1.     A judgment in favor of United Refining Company denying Plaintiffs all relief

requested in the Complaint and dismissing Plaintiffs' Complaint with prejudice;

2.     That United Refining Company be awarded its costs, including reasonable

attorney's fees; and

3.     That the Court award United Refining Company such other and further

relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, United

Refining Company demands a trial by jury on all issues so triable.


Dated:  January 11, 2016                              Respectfully submitted,


                              By:   /s/ Darin J. McMullen
                                    Darin J. McMullen
                                    William G. Passannante (*Pro Hac Vice*)
                                    Kanishka Agarwala (*Pro Hac Vice*)
                                    ANDERSON KILL P.C.
                                    1600 Market Street
                                    Philadelphia, PA  19103
                                    Telephone:  267-216-2700

                                    *Attorneys for: Defendant*
                                    UNITED REFINING COMPANY

nydocs1-1060283.3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED,

        Plaintiff,

vs.

UNITED REFINING COMPANY,

        Defendant.

CIVIL ACTION NO.:

1:15-CV-00274(BR)

**ANSWER**

## CERTIFICATE OF SERVICE

I, Darin J. McMullen, hereby certify that a copy of the foregoing United Refining Company's Answer to Plaintiff Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited's Complaint was served on this date to all counsel of record via the Court's ECF system.

**ANDERSON KILL, P.C.**

Dated:  January 11, 2016

By: */s/Darin J. McMullen*
    Darin J. McMullen, Esq.

phidocs-235000.1